Melvin Duane **LOGHRY, Appellant**
(Defendant below),

v.

**STATE of Wyoming, Appellee**
(Plaintiff below).

No. 3196.

Supreme Court of Wyoming.

March 16, 1964.

Whitaker & Yaap and Jerry A. Yaap, Casper, for appellant.

Dean W. Borthwick, Deputy Atty. Gen., Cheyenne, for appellee.

Before PARKER, C. J., and HARNS-BERGER, GRAY, and McINTYRE, JJ.

PER CURIAM.

After defendant had pleaded insanity to a charge of assault and battery with intent to commit rape, had been sent to the Wyoming State Hospital for examination and there reported to be "Without Psychosis—Not Insane," he was charged with another rape, again pleaded insanity, again was sent to the state hospital, and returned with an identical diagnosis. Before his trial on the first charge, he changed his plea to guilty and thereafter requested the court to appoint two physicians to conduct mental and physical examination under the provisions of §§ 7–348 and 7–349, W.S.1957.[1] The court denied the request, entered an order stating his reasons for this, and sentenced the defendant to the penitentiary. Defendant has appealed and insists that the court erred in denying his request for the appointment of physicians and lacked jurisdiction to sentence him to the penitentiary.

Section 7–348 does provide that in certain circumstances the district judge shall, unless he shall state in writing in the record of the case his reasons for not so doing, order a mental and physical examination of the defendant. In the case before us, the trial court set forth his reasons at length, including the fact that the defendant had twice been examined at the Wyoming State Hospital and that the staff was unable to find the existence of any condition which would benefit by outside treatment or by confinement in a psychiatric hospital. In our view the defendant's request was carefully considered, and there was no abuse of the court's discretion.

1. The 1963 amendments had no application to the present case.

As to defendant's argument that the trial court lacked jurisdiction to sentence and that § 7–352, W.S.1957, gives only the alternative that defendant be placed on probation or committed to a hospital for treatment, this contention is based upon the assumption that the court was under the circumstances obligated to grant the examination for which provision is made in § 7–349. As has been previously noted, such an assumption is unwarranted, overlooking the authority given in § 7–348 for the judge to state in writing his reasons for not providing for such an examination.

Affirmed.